UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUELO JORDAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 05-1883(RMU) |
| | ) |
| Paul Quander, Director, | ) |
| Court Services and Offender Supervision | ) |
| Agency for the District of Columbia, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**FEDERAL DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil

Procedure, defendant, Paul Quander, Director, Court Services and Offender Supervision

Agency for the District of Columbia, by and through his undersigned counsel, respectfully

moves this Court to dismiss the above-captioned Complaint.   In support of this motion,

the Court is respectfully referred to the accompanying memorandum of points and

authorities.  A proposed Order, consistent with the relief requested in this motion, is also

attached hereto.

Date Filed: October 21, 2005        Respectfully Submitted,


/s/ Kenneth L. Wainstein /dch
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, DC Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CONSUELO JORDAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1883(RMU) |
| | ) | |
| Paul Quander, Director, | ) | |
| Court Services and Offender Supervision | ) | |
|   Agency for the  District of Columbia, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERAL DEFENDANT'S MOTION TO DISMISS**

    Federal defendant Paul Quander, Director, Court Services Offender Supervision

Agency for the District of Columbia, moves to dismiss this suit for lack of subject matter

jurisdiction and failure to state a claim upon which relief can be granted.  Plaintiff's

factual allegations focus on alleged jealousies as related to her education and

cheerleading skills during her school years, not on any wrongful actions taken by the

federal defendant.[1]  Accordingly, dismissal of plaintiff's Complaint for lack of subject

matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) and failure to state a claim upon which the

Court may grant relief (Fed. R. Civ. P. 12(b)(6)) is appropriate.  However, even if one

generously construes plaintiff's Complaint as raising a claim of slander against the federal

defendant, her suit should still be dismissed because the United States is the only

_____

    [1]Plaintiff is also suing the Department of Motor Vehicles, Adjudication Services.  <u>See</u>
Compl.

appropriate defendant for a suit in tort brought against the federal government, the United States has not waived its sovereign immunity to be sued for slander, and the suit is barred because of plaintiff's failure to timely exhaust administrative remedies. See 28 U.S.C. § 1346(b), 2671-2680.   Thus, to the extent that plaintiff's Complaint is construed to encompass a tort claim, her Complaint should be dismissed for lack of jurisdiction over the person and the subject matter, as well as for failure to state a claim.  Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6).

I.    **PLAINTIFF'S COMPLAINT**

Plaintiff alleges that she is suing because of lying and slandering targeted at her education, community counseling, "and so forth" apparently as evidenced from receiving tickets on her car and harassment from the community.   See Pl.'s Compl., Notes. Plaintiff alleges that she was subjected to discrimination and assault because of her various cheerleading and educational successes. Id.  Plaintiff appears to claim that an unnamed female wrongfully combined information which caused children's values and personalities to be "mixed-up," took more than five years to cheer (or possibly, more accurately, to learn to cheer), and engaged in fighting.  Id.  Plaintiff alleges that the same individual slandered plaintiff due to plaintiff's cheerleading and education, and also misappropriated plaintiff's belongings.  Id.  Plaintiff  claims that the coach - presumably the cheerleading coach - lied about trophies, changed the appearance of trophies because plaintiff was winning competitions and trophies, failed to give plaintiff a trophy, and was

2

covering up for the "jealous" female whom plaintiff claims had disabilities.  Id.  Plaintiff also claims that she is suing because she was unaware that "kids" were fighting for her at the school to receive plaintiff's credit.  Id.  It appears that all these acts transpired between 1977 to 1984.  Id.

## II.    STANDARD OF REVIEW

### A.    Dismissal for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1))

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'"  Gardner v. U.S., No. CIV. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987).  Specifically, "subject matter jurisdiction deals with the power of the court to hear [a] plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power."  4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement).

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, or lack thereof, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.

3

**B.     Dismissal for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6))**

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure ("Federal Rules") should be granted if the plaintiff can prove no set of

facts in support of his claim that would entitle him to relief.  Kowal v. MCI

Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Though the plaintiff is

given the benefit of all inferences that reasonably can be derived from the facts alleged in

the complaint, the court need not accept inferences that are not supported by such facts,

nor must the court accept plaintiff's legal conclusions cast in the form of factual

allegations. Id.

## III.    ARGUMENT

**A.     Plaintiff Fails to State a Claim Against the Federal Defendant.**

A complaint must set forth sufficient information to suggest that there is some

recognized legal theory upon which relief may be granted.   District of Columbia v. Air

Florida, Inc., 750 F.2d 1077, 1078 (D.C. Cir. 1984).  Accordingly, pursuant to Rule

12(b)(1) of the Federal Rules of Civil Procedure, a patently insubstantial complaint may

be dismissed for want of subject-matter jurisdiction.  See, Neitzke v. Williams, 490 U.S.

319, 327 n.6 (1989); see also, Best v. Kelly, 39 F.3d 328, 331 n.5 (D.C. Cir.

1994)(Complaints may be dismissed under Rule 12(b)(1) for complaints resting on truly

fanciful factual allegations.); Carone- Ferdinand v. Central Intelligence Agency, 131

F.Supp.2d 232, 234 (D.D.C. 2001).

4

A complaint may also be dismissed under Rule 12(b)(6) of the Federal Rules for failure to provide a cognizable legal claim. <u>Slaby v. Fairbridge</u>, 3 F.Supp.2d 22, 27 (D.D.C. 1998). Though pro se complaints, like the one here, are held to a less exacting scrutiny than pleadings drafted by attorneys, pro se plaintiffs nevertheless, like any other, must present a claim upon which relief can be granted by the court. <u>Id</u>. Indeed, when the district court views a plaintiff's complaint as legally frivolous, the proper course is to grant defendant's Rule 12(b)(6) motion, or indeed, to dismiss the complaint sua sponte. <u>Best</u>, 39 F.3d at 331 (D.C. Cir. 1994).

Plaintiff here asserts absolutely no jurisdictional or factual basis to support a claim against the federal defendant. She alleges no specific wrongdoing on the part of the federal defendant warranting further legal review of her claims. Her claims appear to focus on alleged wrongdoing during her school years, not on any wrongful actions taken by the federal defendant. Accordingly, plaintiff does not present a legally cognizable Complaint against the federal defendant. Thus, dismissal of this matter is evidently appropriate.

**B.    Plaintiff's Claims Are Barred By Sovereign Immunity and the Exhaustion Requirements of the Federal Tort Claims Act.**

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of a statutory waiver of such immunity. <u>Hercules v. United States</u>, 516 U.S. 417, 422-423 (1996); <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980);

5

United States v. Testan, 424 U.S. 392, 399 (1976); Fornaro v. James, 416 F.3d 63, 66

(D.C. Cir. 2005); Tri-State Hospital Supply Corp. v. United States, 341 F.3d 571, 575

(D.C. Cir. 2003); Cronauer v. United States, -- F.Supp.2d--, 2005 WL 2420521, *2

(D.D.C. Sept. 30, 2005); Macharia v. United States, 238 F.Supp.2d 13, 20 (D.D.C. 2002);

Cox v. Secretary of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990).  Because a waiver of

sovereign immunity must be strictly construed in favor of the sovereign, a waiver of

sovereign immunity "is to be read no more broadly than its terms require." Masonry

Masters, Inc. v. Nelson, 105 F.3d 708, 712 (D.C.Cir. 1997).  Additionally, "any

ambiguities in the statutory text must be resolved in favor of immunity." United States v.

Williams, 514 U.S. 527, 531 (1995). For example, to sustain a claim for monetary

damages against the United States, the waiver of sovereign immunity "must extend

unambiguously to such monetary claims." Flatow v. Islamic Republic of Iran, 74

F.Supp.2d 18, 20-21 (D.D.C. 1999), quoting United States v. Nordic Village, Inc., 503

U.S. 30, 34 (1992).  In short, sovereign immunity operates as a jurisdictional bar to suit

without an otherwise explicit waiver of such immunity by the United States.  See Flatow,

74 F.Supp.2d at 21.

  Even if one liberally construes plaintiff's Complaint as stating a claim against the

federal defendant for slander, the only possible jurisdictional basis for this claim would be

under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  The

FTCA operates as a limited waiver of sovereign immunity allowing, at least for certain

claims and under specific circumstances, the United States to be sued for torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; see also, Eagle-Picher Industries, Inc. v. U.S., 937 F.2d 625, 627-628 (D.C. Cir. 1991).

As an initial matter, however, the FTCA does not allow suits to be brought against federal employees acting within the scope of their official duties.  28 U.S.C. § 2679(a); see also Vanover v. Hantman, 77 F.Supp.2d 91, 97 (D.D.C. 1999)("Section 2679...gives federal employees absolute immunity from tort liability for acts done in the scope of their employment."); Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990) (suit against the Secretary of Labor rather than the government itself must be dismissed for lack of subject matter jurisdiction) (citing numerous cases).  Only the United States is subject to suit under this statute.  Therefore, dismissal of plaintiff's Complaint against Paul Quander is warranted.

Plaintiff has a second insurmountable jurisdictional hurdle in that the United States has not consented to be sued for claims based on slander.  See 28 U.S.C. § 2680(h)(This provision states that the FTCA shall not apply to "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, **slander**, misrepresentation, deceit...")(emphasis added); see also Council on American Islamic Relations, Inc. v. Ballenger, 366 F.Supp.28 (D.D.C. 2005); Benham v. Rice, No.Civ.A.

0301127(HHK), 2005 WL 691871, *3 (D.D.C. March 24, 2005). Accordingly, plaintiff's slander claim is barred on grounds of sovereign immunity.

Finally, the FTCA has certain conditions that must be met in order for a party to bring suit against the United States.  Absent full compliance with these conditions, this Court lacks jurisdiction to entertain tort claims against the United States.  GAF Corp. v. United States, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987). One such condition is contained in 28 U.S.C. § 2675(a) which states:

> An action shall not be instituted upon a claim against the
> United States for damages for injury or loss of property or
> personal injury ... caused by the negligent or wrongful act or
> omission of any employee of the Government while acting
> within the scope of his office or employment, unless the
> claimant shall have first presented the claim to the appropriate
> Federal agency and his claim shall have been finally denied
> by the agency ....

The courts have uniformly held that the filing of a claim pursuant to 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to filing an action pursuant to the FTCA. See McNeil v. U.S., 508 U.S. 106, 111 (1993)("The command that an 'action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous."); GAF Corp., 818 F.2d at 919; Bowden v. U.S., 106 F.3d 433 (D.C.Cir. 1997); Buss v. United States, No. 96-5138, 1997 WL 195522, at *1 (D.C. Cir. March 5, 1997); Simpkins v. District of Columbia Gov't, 108 F.3d 366, 370 (D.C. Cir. 1997); Brug v. National Coalition for Homeless, 45

8

F.Supp.2d 33, 44 (D.D.C. 1999); <u>Johnson v. DiMario</u>, 14 F.Supp.2d 107, 111 (D.D.C.

1998); <u>Williams v. District of Columbia</u>, No.CIV.A. 95CV0936 (RMU), 1996 WL

422328 (D.D.C. July 19, 1996). Moreover, a plaintiff cannot cure her jurisdictional defect

by exhausting administrative remedies after filing her complaint. <u>McNeil</u>, 508 U.S. at

112 (1993).

     Plaintiff's Complaint does not reflect that she has presented an administrative tort

claim to the Court Services and Offender Supervision Agency for the District of

Columbia. Thus, it appears that she has failed to meet a jurisdictional requirement to

filing this lawsuit, i.e., exhaustion of administrative remedies. However, even if plaintiff

were to file an administrative claim with the agency, it appears that the claim would be

time-barred because the FTCA requires that a party present an administrative claim within

two years after such claim accrues. <u>See</u> 28 U.S.C. § 2401(b)("A tort claim against the

United States shall be forever barred unless it is presented in writing to the appropriate

Federal agency within two years after such claim accrues or unless action is begun within

six months after the date of mailing, by certified or registered mail, of notice of final

denial of the claim by the agency to which it was presented."); <u>see also</u> <u>Mittleman v. U.S.</u>

<u>Dep't of Treasury</u>, 919 F.Supp. 461, 466 (D.D.C. 1995). Plaintiff apparently grieves

actions that occurred between 1977 to 1984. Pl.'s Compl., Notes. She did not bring this

suit until August 2005, twenty-one years after her claims apparently accrued, thus, well

9

after the period in which she could have brought a timely claim.  Thus, by statute, she is

"forever barred" from raising the claims alleged in her Complaint.  Id..

Accordingly, her Complaint should be dismissed on this basis as well.

## IV.    CONCLUSION

For reasons stated herein, defendant requests that the Court dismiss plaintiff's

Complaint with prejudice.

Date filed: October 21, 2005          Respectfully Submitted,


/s/ Kenneth L. Wainstein /dch
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, DC Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of <u>Federal Defendant's Motion to Dismiss</u> was

made by the Court's Electronic Case Filing System and by first class, postage prepaid

mail, this <u>21st</u> day of October, 2005 to:

Consuelo Jordan
2227 First Street, NW
Washington, DC 20001

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney